```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
GREGORY PHILIPPE,                                     |
                                                      |
                    Petitioner,                       |      NOT FOR PUBLICATION
                                                      |      MEMORANDUM & ORDER
            -against-                                 |
                                                      |      04 CV 3804 (CBA)
UNITED STATES OF AMERICA                              |
                                                      |
                    Respondent.                       |
------------------------------------------------------X
```

AMON, UNITED STATES DISTRICT JUDGE

This Court has before it a habeas corpus petition filed pursuant to 28 U.S.C. § 2255 by petitioner Gregory Philippe ("Philippe"). For the reasons set forth herein, Philippe's petition in denied.

## BACKGROUND

On April 9, 2003, Philippe pleaded guilty to credit card fraud in violation of 18 U.S.C. § 1029. Pursuant to his plea agreement, Philippe agreed that he "will not file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 210 months or below." Philippe was sentenced to 84 months in prison, three years of supervised release, and was ordered to pay $168,811 in restitution.

On August 26, 2004, Philippe filed the present petition for habeas corpus relief pursuant to 28 U.S.C. 2254 on the grounds of ineffective assistance of counsel. He maintains that his counsel was ineffective by (1) failing to call an expert witness at sentencing to demonstrate that the skimmer device found in Philippe's apartment could not have been used for the purpose of making fraudulent credit cards, and (2) failing to file a notice of appeal of Philippe's restitution

order after being specifically requested to do so.[1]

On March 9, 2005, this Court issued an order requesting that the parties address the applicability of United States v. Djelevic, 161 F.3d 104 (2d Cir. 1998) to the present case. On May 20, 2005, the Court further requested that the government provide an affidavit from Philippe's counsel, Leo Kimmel, addressing Philippe's claims that Mr. Kimmel had rendered ineffective assistance of counsel. Mr. Kimmel's affidavit was submitted on June 9, 2005. Philippe responded by letter dated July 19, 2005 and in an additional brief, dated December 13, 2005.

DISCUSSION

**1. Failure to call an expert witness at sentencing**

    **A.    This argument is waived**

Philippe argues that his counsel's ineffective assistance at sentencing resulted in a two point enhancement to his offense level pursuant to Guideline 2B1.1(b)(1)(H).[2] In Djelevic, the Second Circuit held that a defendant who made a knowing and voluntary waiver of his right to appeal his sentence within a stipulated guidelines range could not appeal his sentence on the

---

[1] In his most recent submission to this Court, Philippe argues that his sentence was imposed in violation of United States v. Booker, 543 U.S. 220 (2005). However, Philippe has not requested to amend his habeas petition to include such a claim. Furthermore, Booker claims are not applicable retroactively on collateral review. See, e.g., Guzman v. United States, 404 F.3d 139 (2d Cir. 2005) (rejecting the retroactive application of Booker).

[2] The Second Circuit has stated that, although "[t]here is no general bar to a waiver of collateral attack rights in a plea agreement . . . a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, here, the plea agreement." Frederick v. Warden, Lewisburg Correctional Facility, 308 F.3d 192, 195-96 (2d Cir. 2002). Philippe does not allege in his habeas petition that his waiver was involuntary or that he received ineffective assistance in deciding whether to plead or not. His waiver is therefore enforceable.

2

grounds of ineffective assistance of counsel at sentencing. 161 F.3d at 107. Although the procedural posture here differs from Djelevic, since Philippe attacks his sentence collaterally and not by direct appeal, this distinction does not dictate a different result. This is not a case in which the waiver was limited to a direct appeal. See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). Rather, the language of Philippe's waiver is very broad and precludes him not only from filing an appeal if the sentence was below 210 months, but also from "otherwise" challenging his conviction or sentence. The latter proviso covers a challenge brought pursuant to 28 U.S.C. § 2255. Lopez v. United States, 2002 WL 1471540 (E.D.N.Y. May 15, 2002).

### B. This argument fails on the merits

In any event, even if Philippe's waiver were not effective, he fails to make out a claim of ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a habeas petitioner must establish (1) that counsel's performance "fell below an objective standard of reasonableness" and (2) that there is a "reasonable probability" that, but for the deficiency, the outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Applying the Strickland standard, courts have required habeas petitioners to show that "counsel's performance was so deficient and counsel's errors were so serious that he or she was not functioning as 'counsel' guaranteed by the Sixth Amendment." Cuevas v. Henderson, 801 F.2d 586, 589 (2d Cir. 1986). A petitioner must also overcome the presumption that counsel's actions were reasonable tactical and strategic decisions. Strickland, 466 U.S. at 688.

Philippe argues that counsel should have called an expert, as Philippe requested, to demonstrate that the DSS Skimmer device found in his apartment could not have been used for

3

the purpose of making fraudulent credit cards, as argued by the government, and therefore that possessing the device could not have been part of the came course of conduct or common scheme or plan as the offense for which he was convicted. As an initial matter, counsel denies that Phillipe ever asked him to retain an expert and states that his investigation revealed that the item found in Phillipe's home was a device capable of making fraudulent credit cards. In an affidavit, Phillipe's counsel states that

> [t]here were extensive discussions between myself and Mr. Philippe about the skimmer and after the pre-sentence report was received by us, I specifically stated in my objections in the pre-sentence report that the skimmer was not a "hot box" and objected to the 2 level increase because of the device. Thereafter, I conferred with the U.S. Attorney's office, did some research, and learned that the device could be used for the purpose that the Government stated. I discussed this matter with Mr. Philippe and we withdrew that objection.

Mr. Kimmel's recollection is supported by the sentencing minutes, in which the government states that Mr. Kimmel had informed the government that Philippe "was willing to consent to that two point enhancement." (Sentencing Tr. at 5.) The Court, when determining whether the enhancement was appropriate, stated that "[i]t seems that it's undisputed, the character of this particular device which it was one that could be used to make fraudulent credit cards." (Id. at 7.) Philippe did not dispute this when he requested to address the Court; rather, he apologized "to the Court, the prosecution and Your Honor for my actions that caused all this." (Id. at 10.)

Phillipe's after the fact claim that he asked counsel to hire an expert in electronic devices to testify that the device could not be used to make fraudulent credit cards is not credible. Phillipe has failed to make any substantiated showing of the fact that the DSS Skimmer could

4

not be used for the purpose argued by the government.[3]  Nor does he set forth what exactly an expert would have relied on or stated, or even that any such expert exists.  He has therefore failed to show that his counsel was unreasonable in not calling such an expert.  Accordingly, Philippe has failed to demonstrate either that Mr. Kimmel acted unreasonably or that he suffered any prejudice, such that he has not demonstrated ineffective assistance of counsel.

### 2. Failure to Appeal Restitution

Philippe also alleges that his counsel was ineffective for failing to file a notice of appeal of his restitution order despite Philippe's request that he do so.  To establish ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell below objectively reasonable standards of representation and that the deficient performance resulted in prejudice to him.  See Strickland, 466 U.S. at 687.  Prejudice is presumed once a petitioner shows that his counsel's constitutionally deficient performance deprived him of an appellate proceeding that he wanted at the time and to which he had a right.  Roe v. Flores-Ortega, 528 U.S. 470, 483 (2000).  In such a case, the petitioner will be entitled to an out-of-time appeal if he can "demonstrate that there is a reasonable probability that, but for counsel's [unreasonable representation], he would have timely appealed."  Id. at 483-84.

Philippe's waiver of his right to challenge his conviction or sentence does not bar an

---

[3]  In his letter to the Court dated July 19, 2005, Philippe maintains that the DSS skimmer is also known as a "Hu Loader" and "is a 'Device' used to modify 'Direct TV Satellite Cards' only." In support of his argument, he has attached a three page article discussing an unrelated case, in which the defendant pleaded guilty to, inter alia, selling unauthorized satellite television decryption devices.  He has also attached a picture of a "Hu Loader," which the print out explains "allows pirates to reprogram and reactivate expired smart cards."  It is unclear, however, how this article demonstrates that the skimmer that was in Philippe's possession could not have been used for the purposes alleged.

5

attack on the order of restitution. See United States v. Ready, 82 F.3d 551, 560 (2d Cir. 1996) (construing ambiguous plea agreement as not containing waiver of right to appeal restitution order). Nonetheless, Philippe cannot argue that his counsel was ineffective for failing to file a notice of appeal, as he has not demonstrated that he requested that his trial counsel file a notice of appeal to the restitution order. See Roe v. Flores-Ortega, 528 U.S. at 477 ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.").

The Second Circuit has held that where a petitioner's ineffective assistance of counsel claim is a "generic claim . . . based solely on his own self-serving and improbable assertions" it may be appropriate to resolve the issue on affidavits or the documentary record. Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001). In the instant case, Philippe's counsel, Mr. Kimmel, has submitted an affidavit in which he states that Philippe never requested that he file a notice of appeal from the restitution order. Indeed, Mr. Kimmel states that Philippe actually filed a notice of appeal, but that after consultation with counsel, Philippe withdrew that appeal.

Philippe did not dispute Mr. Kimmel's description of the post-sentencing events.[4] He has not presented any other evidence of his alleged request that Mr. Kimmel file an appeal, nor has he explained the circumstances surrounding that request. Thus, on the documentary record, this

---

[4] Rather than challenging Mr. Kimmel's statement that Philippe never requested to file a notice of appeal, Philippe argued that "[a]t no time during plea negotiations did petitioner's attorney informed [sic] him that by agreeing to the terms outlined in the plea agreement he will be surrendering his right to collaterally attack his sentence." (Pet. Supp. Br. at 8.) However, Philippe's habeas petition did not assert that his attorney failed to inform him of the terms of the plea agreement. Philippe has not requested to amend his petition to include such a claim, nor has he presented any support for such a claim. Indeed the minutes of his plea directly refute any such claim. (Tr. of Plea Minutes dated November 13, 2002 at 12-14.)

6

Court does not find credible Philippe's claim that he requested that his counsel appeal the restitution order. Accordingly, Philippe's claim for ineffective assistance of counsel fails.

CONCLUSION

For the reasons set forth above, Philippe's habeas corpus petition is denied. A certificate of appealability will not be issued because the petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The Clerk of the Court is directed to enter judgment in accordance with this Order and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
December 29, 2006

Carol Bagley Amon
United States District Judge